YARRUT, Judge.
Plaintiff appeals from a judgment dismissing his suit. Plaintiff is the owner of a residence which was constructed by Defendant, a building contractor. The building was financed through a mortgage lending association. When the work was completed, Plaintiff and the lending association refused to make the final payment because the floors were squeaking. The matter was settled and adjusted with Defendant, who agreed in writing (for an additional $237.00) to make the required corrections and to guarantee against future squeaking of the floors, as follows:
“ * * * (1) Cover entire strip flooring in house with white oak strip flooring tongue and groove and refinish same in a good and workmanlike manner ; said Contractor guaranteeing that by the installation of additional flooring over the present flooring that the said floor will be solid, not squeak, will not warp nor buckle, nor crack for a period of one year from its completion; * * # »
A few months after the additional work on the floors was completed, Plaintiff moved in and the floors renewed their squeaking. Prompt complaint was made to Defendant, without avail.
Plaintiff’s evidence that the cost of making the necessary repairs in the amount of $2850.00 was not contradicted by Defendant; hence, the sole question is whether or not Defendant performed his non-squeak guarantee. Defendant’s sole reliance is on his contention that, since he undertook something that was physically impossible to perform, to-wit, to lay a floor that would not squeak, he is not liable for his failure.
All the experts and lay witnesses testified that the floor did squeak. There is no evidence that it would be impossible for a contractor or an architect to design a building in which the floors would not squeak. The undertone of the experts, when asked if they would agree to lay a floor that would not squeak, in effect was, “No! Not for $237.00,” not that it could not be done. It seems contrary to common knowledge of the ordinary home owner that non-squeaking floors cannot be designed and laid.
There is no evidence in the record as to the identity of the designer of the original building plans and specifications, or that the original plans and specifications were so defective that a competent contractor could not lay or repair the floors so as to avoid squeaking. Defendant was the general contractor in the original construction.
LSA-C.C. Art. 2031, reads:
“Every condition of a thing impossible, or contra bonos mores (repugnant to moral conduct) or prohibited by law, is null, and renders void the agreement which depends on it.”
LSA-C.C. Art. 1891, reads:
“The object of a contract must be possible, by which is meant physically or morally possible. The possibility must be determined, not by the means or ability of the party to fulfill his agreement, but by the nature of the thing which forms the object of it.”
LSA-C.C. Art. 1892, reads:
“That is considered as morally impossible which is forbidden by law, or *489 contrary to morals. All contracts having such an object are void.”
Since Defendant has not shown that it was impossible to lay a floor that would not squeak, he is bound by his contract of guarantee; and the measure of damages for such breach is the cost of repairing the defective work. Engle v. Hardouin, La. App., 119 So.2d 510; Spicuzza v. Ranzino, La.App., 73 So.2d 208; Home Services v. Marvin, La.App., 37 So.2d 413.
With reference to the item of $200.00 for cost of storing furniture and rent for other quarters during the repair work, the proof in this respect is not satisfactory.
For the reasons assigned, the judgment of the district court is reversed, and there is judgment in favor of Plaintiff, Harold M. Schull, and against Defendant, Albin Guillot, in the full sum of $2850.00, with legal interest from judicial demand until paid; and all costs in both courts.
Reversed and rendered.